# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CONSANDRA AMERSON, | Case No.: 2:10-cv-01071-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#13) |
| COUNTY OF CLARK, a political subdivision, and municipality including its departments, CLARK COUNTY DEPARTMENT OF JUVENILE SERVICES and CLARK COUNTY DEPARTMENT OF FAMILY SERVICES, | |
| Defendants. | |

Before the Court is Defendant Clark County's **Motion to Dismiss** (#13, filed Mar. 14, 2011) for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has also considered Plaintiff Consandra Amerson's Opposition (#14, filed Mar. 27, 2011), and Clark County's Reply (#15, filed Apr. 6, 2011).

## BACKGROUND

Amerson brought this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, alleging disability discrimination against Defendants for failure to accommodate a disability and for termination due to disability. Amerson alleges the

1  following facts in support of her claims.  In June 2007, Amerson was injured during an employee
2  training exercise while working for Defendant Clark County as a Probation Officer in the
3  Department of Juvenile Justice Services.  Her injuries required surgery, as well as physical
4  therapy, and she was ultimately placed on modified duty with permanent restrictions.  In June
5  2008, in an effort to accommodate Amerson's restrictions, Clark County transferred Amerson to a
6  position at the Department of Family Services as a Family Service Specialist.  However, she was
7  removed from this position one week later.  In November 2008, Amerson formally requested an
8  ADA accommodation with the Clark County Office of Diversity.  The Office of Diversity
9  determined that an accommodation could not be provided and, in March 2009, Amerson's
10 employment with Clark County was terminated.

11         Amerson subsequently filed a complaint asserting her ADA claims against
12 Defendants.  Before Amerson filed her complaint, however, she signed a settlement agreement for
13 a worker's compensation claim that she had previously commenced.  In that settlement agreement
14 Amerson stipulated that her medical restrictions could not be accommodated by Clark County.
15 (Dkt. #13, Motion to Dismiss, Ex. 1).  An Appeals Officer with the Department of Administration
16 for the State of Nevada subsequently entered an order dismissing Amerson's worker's
17 compensation claim based on that settlement agreement.  (*Id.*).  Clark County has now filed a
18 motion to dismiss Amerson's claims.  For the reasons discussed below, the Court grants Clark
19 County's motion.

**DISCUSSION**

21 **I.      Legal Standard**

22         A court may dismiss a plaintiff's complaint for "failure to state a claim upon which
23 relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short
24 and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.
25 8(a)(2). While Rule 8 does not require detailed factual allegations, it demands "more than labels
26 and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*,

129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion made under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Once pleadings are closed, "a party may move for judgment on the pleadings" under Rule 12(c). However, the legal standard for either motion is virtually the same—the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted); *Fetrow-Fix v. Harrah's Entertainment, Inc.*, 2010 WL 4774255, *3 (D. Nev. 2010)). The only difference between the two is that a "Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole," and not merely the complaint. *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54-55 (1st Cir. 2006) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed. 2004)).

Although Clark County's motion to dismiss was brought under Rule 12(b)(6), because it was filed after their answer was filed—and, consequently, after pleadings were closed—the Court will consider it as a motion for judgment on the pleadings under Rule 12(c). *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

As with Rule 12(b)(6) motions, a Court generally may not consider matters outside of the pleadings in a 12(c) motion unless it intends to treat the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d). However, a court may take judicial notice of matters of public record as long as they are not subject to reasonable dispute. *Intri-Plex Technologies, Inc. v. The Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Because the above-referenced settlement agreement was adopted by an Appeals officer from Nevada's Department of Administration and made a part of his order, the Court finds that it is a matter of public record and will consider it in this motion.

///

## II.     Analysis

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C § 12112(a).  A covered entity[1] discriminates against a qualified individual by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity . . . ." § 12112(b)(5)(A). The ADA defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." § 12111(8). Amerson alleges that Defendants discriminated against her based on her disability by failing to accommodate her disability and terminating her employment based on her disability.

Amerson's allegations fail to state a valid claim for at least two reasons, both of which follow from the fact that Amerson has admitted that her medical restrictions could not be accommodated by Clark County.  First, Amerson's admission compels this Court to conclude that Clark County could not be liable under the ADA for failure to accommodate.  The ADA only requires a covered entity to provide "reasonable" accommodations. § 12112(b)(5). Because Amerson admits that Clark County could not provide any accommodations, it seems absurd to hold them liable for failing to make "reasonable" accommodations.  In addition, the ADA excuses covered entities from providing reasonable accommodations where doing so would place an undue hardship on the covered entity. § 12112(b)(5)(A). Per Amerson's own admission, however, accommodating her restrictions would have placed more than an undue hardship on Clark County,

---

[1] For purposes of this motion, the parties do not dispute that Clark County is a covered entity under the ADA.

4

it would have been impossible for them to achieve. As such, it is equally impossible for Amerson to assert a failure to accommodate claim against Clark County given that admission. And because Clark County's decision to terminate Amerson was based on its inability to accommodate, such termination is also not actionable.

Second, Amerson's admission is essentially an admission that she is not a qualified individual, entitled to protection under the ADA. To establish that a person is a "qualified individual" under the ADA, the Fifth Circuit conducts the following two-step analysis: "First, we must determine whether the individual could perform the essential functions of the job . . . . Second, if (but only if) we conclude that the individual is not able to perform the essential functions of the job, we must determine whether any reasonable accommodation by the employer would enable him to perform those functions." *Chandler v. City of Dallas*, 2 F.3d 1385, 1393–94 (5th Cir. 1993).

Amerson has failed to allege facts in support of the first step of this analysis. Specifically, Amerson does not allege in her complaint that she was capable of performing the essential functions of her job. And if, as she admits, Amerson was placed in vocational rehabilitation because Clark County could not accommodate her restrictions, then it is reasonable to presume that Amerson could not perform the essential functions of her job. There would be no need for Clark County to place Amerson in vocational rehabilitation if she was capable of doing her job. In any event, Amerson fails to allege that she was capable of performing the essential functions of her job.

The Court must now determine whether Clark County could have made any reasonable accommodations to enable her to perform those functions. However, as discussed above, Amerson has admitted that Clark County could not have accommodated her medical restrictions. Accordingly, the Court finds that Amerson is not a qualified individual under the ADA. Therefore, the Court dismisses Amerson's claims against Defendants Clark County and Clark County Department of Juvenile Services. And because Amerson asserts no allegations

AO 72
(Rev. 8/82)

specific to Defendant Clark County Department of Family Services, the Court dismisses her claims against it as well.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Clark County's Motion to Dismiss (#13) is GRANTED.

Dated: September 21, 2011

_____
**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)