UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| CONSANDRA AMERSON, | ) | Case No.: 2:10-cv-01071-RLH-RJJ |
| Plaintiff, | ) ) | **O R D E R** |
| vs. | ) ) | (Motion for Attorney Fees and Costs–#24) |
| COUNTY OF CLARK, a political subdivision, and municipality including its departments, CLARK COUNTY DEPARTMENT OF JUVENILE SERVICES and CLARK COUNTY DEPARTMENT OF FAMILY SERVICES, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Before the Court is Defendant Clark County, Clark County Department of Juvenile Justice, and the Clark County Department of Family Services' **Motion for Attorney's Fees and Costs** (#24, filed Oct. 4, 2011). The Court has also considered Plaintiff Consandra Amerson's Opposition (#26, filed Oct. 21), and Defendants' Reply (#30, filed Oct. 31).

### BACKGROUND

The Court will not give a detailed recitation of the facts of this case but instead directs the reader to its prior order dismissing the complaint. (*See* Dkt. #21.) This was a failure-to-accommodate case based on the Americans with Disabilities Act. The Court dismissed the

1

AO 72
(Rev. 8/82)

complaint and now Defendants' seek their attorney's fees and costs.  For the reasons discussed below, the Court denies the motion.

## DISCUSSION

Civil rights statutes generally allow the prevailing party an award of attorney's fees. However, when the defendant is the prevailing party, fees are limited to when the plaintiff's claims were "unreasonable, frivolous, meritless, or vexatious." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).  Also, where bad faith is present, it is more likely that a court will assess attorney's fees against a losing plaintiff. *Id.* at 422.  The Ninth Circuit applies the *Christianburg* standard in ADA cases. *Summers v. Teichert & Son*, 127 F.3d 1150, 1154 (9th Cir. 1997).

Here, Defendants have not convinced the Court that Amerson's complaint was so unreasonable, frivolous, meritless, or vexatious that the Defendants should be awarded attorney's fees.  While the Court strongly disagreed with Amerson's position, her arguments held some merit. Thus the Court declines to grant attorney's fees to the Defendants.

As to the costs, the Defendants request goes too far.  The Court subtracts the improper request for online research costs and unauthorized copying and printing costs (for such things as document production and medical records) which are not taxable.  Thus, Defendants request for $3,573.71 is reduced to $1,836.52.  This sum consists of deposition transcript costs and postage for the same which are taxable.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Attorney Fees (#24) is GRANTED in part and DENIED in part.  Defendants are entitled to costs in the sum of $1,836.52.

Dated: January 26, 2012.

_____
ROGER L. HUNT
United States District Judge