UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CONSANDRA AMERSON, ) | Case No.: 2:10-cv-1071-RLH-RJJ |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | (Defendant's Second Motion for |
| ) | Attorney's Fees and Costs - #57) |
| CLARK COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

       Before the Court is Defendant Clark County's ("Clark County") Second Motion for Attorney's Fees and Costs (#57, Jan. 31, 2014). The Court has also considered Plaintiff Consandra Amerson's ("Amerson") Response (#61, Feb. 17, 2014). Clark County did not file a Reply. For the reasons discussed below, the motion is granted in part and denied in part.

       The Court will not give a detailed recitation of the facts of this case but instead directs the reader to its prior order. (*See* #54.) This was a failure to accommodate case based on the Americans with Disabilities Act ("ADA"). After filing its answer, Clark County moved to dismiss the complaint. (#13). The Court granted the motion to dismiss, (#21), and Amerson appealed. (#25). Citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999), the Ninth Circuit reversed and remanded the case holding Amerson "must have an opportunity to provide a

1  'sufficient explanation' for the contradiction presented by the stipulated admission and her ADA
2  claim." (#36 at 2). On remand, Clark County moved for summary judgment. (#41). The Court
3  granted Clark County's summary judgment motion finding Amerson had not sufficiently explained
4  the contradiction under *Cleveland*, nor had she shown she was a "qualified individual" under the
5  ADA. (#54). Clark County seeks its fees and costs.

6      The ADA's attorney's fee provision allows the court to award a prevailing party "a
7  reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. However,
8  prevailing defendants are entitled to fees only if "the plaintiff's action was frivolous, unreasonable,
9  or without foundation." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001)(quoting
10 *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

11     Clark County has not convinced the Court that Amerson's complaint was so
12 unreasonable, frivolous, meritless, or vexatious that Clark County should be awarded fees.
13 Although the Court determined Amerson had not presented sufficient evidence to withstand
14 summary judgment, her arguments held some merit. As to costs, Clark County is the prevailing
15 party and is entitled to costs under FRCP 54(d). The Court has reviewed the attached
16 documentation and finds that Clark County's request for costs for deposition transcripts is
17 reasonable and warranted. Therefore, the Court declines to award fees but awards Clark County
18 $829.25 in taxable costs.

19 **CONCLUSION**

20     Accordingly, and for good cause appearing,
21     IT IS HEREBY ORDERED that Defendant Clark County's Second Motion for
22 Attorney's Fees and Costs (#57, Jan. 31, 2014) is GRANTED in part and DENIED in part. Clark
23 County is entitled to $829.25 in taxable costs.
24     Dated: March 7, 2014.
25
26                                           ROGER L. HUNT
                                          United States District Judge